UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERWORK KOREA CO., LTD., <br><br> Plaintiff, <br><br> - against - <br><br> LASHIFY, INC., <br><br> Defendant. | Case No. 1:25-cv-2752 <br><br> **COMPLAINT** |

Plaintiff Interwork Korea Co., Ltd. ("**IWK**"), by and through its attorneys, Davis Wright Tremaine LLP, as and for its Complaint against defendant Lashify, Inc. ("**Lashify**"), states and alleges as follows:

## NATURE OF THE ACTION

1. In 2020, IWK and Lashify entered into a Supply Agreement ("**Agreement**") whereby IWK agreed to provide Lashify with certain products for its cosmetics business. Although the parties worked well together for many years, in 2024 Lashify decided to stop paying its invoices to IWK.

2. When IWK raised the unpaid invoices with Lashify, Lashify did not dispute that had an open balance with IWK or the amount due on any of the invoices. Instead, Lashify fabricated a dispute related to the Agreement's Exclusivity Provision in an attempt to avoid fulfilling its obligations pursuant to the Agreement. Regardless, because the Exclusivity Provision is an unenforceable penalty, and indeed Lashify has recognized that the Exclusivity Provision is punitive in nature, the provision is invalid under New York law.

3. Despite acknowledging its open balance with IWK of over $1,000,000, Lashify refuses to pay any amounts on its unpaid invoices and has ceased communicating with IWK. As

a result, IWK now brings this suit to enforce its contractual rights and to seek a declaratory judgment against Lashify.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff is an alien corporation, and Lashify is a citizen of Delaware, its place of incorporation, and New York, its principal place of business, and because the amount in controversy exceeds $75,000.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Lashify is located within this District, and a substantial part of the events or omissions giving rise to the claims at issue occurred within this district.

6. This Court has personal jurisdiction over Lashify pursuant to New York CPLR 301 and 302 because New York is its principal place of business and it is doing business within the State of New York, and because Lashify transacts business within the state and made the contract at issue while it was located within the state.

## THE PARTIES

7. Plaintiff IWK is a company incorporated under the laws of the Republic of Korea with its registered office in the Republic of Korea. IWK is a manufacturer and exporter of faux lashes, components, and packaging for cosmetic products.

8. Defendant Lashify is a corporation formed and existing under the laws of Delaware with its principal place of business in New York. According to the "About Us" page on its website, Lashify is a beauty business that "invent[s] and design[s] [its] own lashes, tools, adhesives, and systems etc."[1]

---

[1] https://www.lashify.com/pages/about (last accessed Mar. 4, 2025).

## FACTUAL BACKGROUND

A.  **The Supply Agreement Between IWK and Lashify**

9.  IWK and Lashify entered into the Agreement effective January 28, 2020. A true and correct copy of the parties' Agreement is attached hereto as Exhibit A.

10. The Agreement provided that IWK would provide Lashify with "Product," as defined in the Agreement and a corresponding purchase order. The Agreement defines "Product" as "artificial lash and related products as listed in Schedule 1 attached thereto."

11. Section 13.1 of the Agreement also contains an Exclusivity Provision. That provision states that "Lashify has the worldwide exclusive right to purchase the Products and Similar Products under this Agreement." The Exclusivity Provision further states that in the event that IWK "breaches [the Exclusivity Provision] by granting third parties the right to purchase Products or Similar Products, [IWK] shall be subject to liquidated damages in an amount of $1,000,000."

12. The Agreement defines "Similar Products" as "any products that substitute for the Products, may be confused or misunderstood as Products by customers, are a component of the Products, and/or are intended to compete or have a possibility to compete with the Products."

B.  **Lashify Breaches the Agreement by Not Paying for Product**

13. Between July 2021 and March 2024, IWK shipped Product to Lashify that Lashify did not and to this date has not paid for. The Product IWK shipped to Lashify under the Agreement includes various types of lashes, glass control kits, gossamer lash, and other types of lash products. The outstanding money Lashify owes to IWK for Products it has shipped to Lashify and that Lashify has not paid for totals not less than $1,253,152.43.

14. On January 10, 2024, IWK contacted Lashify via WhatsApp to discuss concerns that IWK had about the lash production plan for 2024. Lashify responded that it was "dealing with many complexities" and was having to "to spend money on litigation not inventory." Lashify specified that it had to spend "around 5 million" to sue another company, "ProLash."

15. Then, in March 2024, Lashify's CEO, Sahara Lotti, responded to IWK after IWK had reached out regarding cash flow problems. In its response, Lashify falsely accused IWK of being disloyal, stating that "at every chance Interwork has betrayed, screwed, two timed LASHIFY and tried to make as much money as possible off our backs. First Kiss. Now Pro Lash." Lashify further stated that it "will no longer partner with companies that don't respect loyalty." IWK responded to Lashify that same day, stating that "[IWK] has been and will continue to be fully committed to Lashify."

### C. Lashify Attempts To Enforce the Illegal Exclusivity Provision

16. In an email to IWK, Lashify acknowledged that it had an open balance of $1,093,482.52 due under unpaid invoices and did not dispute the amounts in each of the invoices or that the invoices were owed.[2] Lashify, however, stated that it was only willing to pay IWK $21,913.32.

17. Lashify told IWK that although it had a significant open balance, Lashify would be deducting $1,000,000 from the amount it owed pursuant to the Agreement's Exclusivity Provision. According to Lashify, Lashify was previously "prepared to sever all business relations with IWK due to producing similar products with competing entities." Acknowledging that Lashify intended for the Exclusivity Provision to be punitive in nature, Lashify stated that the Exclusivity Provision was thus meant to "prevent any further unauthorized actions that could harm Lashify."

---

[2] Lashify further refused to pay $71,569.20 pursuant to a disputed purchase order.

4

18. Although Lashify stated that it would arrange to pay IWK $21,913.32, IWK never received a payment from Lashify.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

19. IWK repeats and realleges paragraphs 1 through and including 18 set forth above as if the same were fully set forth herein.

20. IWK and Lashify entered into the Agreement, which is a valid and binding contract between IWK and Lashify.

21. IWK has performed all of its obligations under the Agreement.

22. Lashify has failed and refused to perform its obligations pursuant to the Agreement. Specifically, pursuant to the Agreement, IWK supplied Lashify with $1,253,152.43 worth of Product that Lashify has not paid for. By refusing to pay for the Product, Lashify has breached the Agreement, and that breach has not been cured or excused.

23. As a direct and proximate result, IWK has been injured by reason of Lashify's breach in an amount presently unknown and to be determined by time of trial but in an amount not less than $1,253,152.43.

**SECOND CLAIM FOR RELIEF**
(Accounts Stated)

24. IWK repeats and realleges paragraphs 1 through and including 18 set forth above as if the same were fully set forth herein.

25. IWK informed Lashify that it had an open balance due to several unpaid invoices. Indeed, Lashify acknowledged that it had an open balance with IWK of over one million dollars.

26. Lashify accepted the amounts of the unpaid invoices as correct, as Lashify did not dispute any of the invoices or the amount of the open balance except for with respect to one purchase order.

27. Lashify promised to pay, or at least implicitly promised to pay, IWK when Lashify promised to pay a portion of the unpaid invoices to IWK.

28. As a direct and proximate result, IWK has been injured by reason of Lashify's failure to pay on its unpaid invoices in an amount presently unknown and to be determined by time of trial but in an amount not less than $1,253,152.43.

## REQUEST FOR DECLARATORY JUDGMENT

29. IWK repeats and realleges paragraphs 1 through and including 28 set forth above as if the same were fully set forth herein.

30. IWK seeks declaratory judgment stating that Lashify is liable for the open balance pursuant to the parties' Agreement.

31. IWK further seeks declaratory judgment that the Exclusivity Provision in the Agreement is an unenforceable penalty.

32. IWK contends that Lashify is liable for the entire open balance on its account pursuant to unpaid invoices and that the Exclusivity Provision is an unenforceable penalty.

33. Lashify contends that it is not liable for the full amount of the open balance and that the Exclusivity Provision is enforceable.

34. A bona fide dispute exists between the parties as to whether Lashify has breached the Agreement and owes damages to IWK.

35. A justiciable controversy exists.

36. As such, there is a bona fide, actual, present need for the declaration.

## PRAYER FOR RELIEF

**WHEREFORE**, IWK respectfully requests that this Court enter:

1. Judgment in IWK's favor and against Lashify for sums owing to IWK for Lashify's breach of the Agreement and pursuant to account stated;

6

2. A judgment declaring that Lashify is liable to IWK for the unpaid invoices pursuant to the Agreement; and

3. Granting IWK such other relief as the Court deems appropriate.

Dated: New York, New York
April 2, 2025

          DAVIS WRIGHT TREMAINE LLP

          By: /s/ John M. Magliery
              John M. Magliery
              Adam Sgro
              Francesca Reifer
          1251 Avenue of the Americas, 21st Floor
          New York, NY 10020-1104
          johnmagliery@dwt.com
          adamsgro@dwt.com
          francescareifer@dwt.com
          Tel: 212.489.8230

*Attorneys for Plaintiff Interwork Korea Co., Ltd.*