UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERWORK KOREA CO., LTD.,<br><br>Plaintiff-Counterclaim Defendant,<br><br>- against -<br><br>LASHIFY, INC.,<br><br>Defendant-Counterclaimant. | Case No. 25-cv-02752 (VSB)<br><br>**STIPULATED [PROPOSED]**<br>**PROTECTIVE ORDER** |

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over the confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED THAT:

**I.     INFORMATION SUBJECT TO THIS ORDER**

    **A.     Protected Information Generally**

        1.     All documents (which include all materials within the scope of Federal Rule of Civil Procedure 34), electronically stored information, tangible things, physical objects, written discovery responses, testimony, or other information produced or otherwise disclosed in the course of pretrial proceedings in this litigation by a party to the litigation or any other individual or entity is considered "Discovery Material."  Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."  This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information in any form.

1

2. The party or person producing or disclosing Discovery Material (each a "Producing Party") shall designate Discovery Material containing or including material that is "CONFIDENTIAL," as defined below, at the time of production in the following manner.

a. For Discovery Material produced on paper or in electronic form that preserves pagination, by marking each page, as applicable, "Confidential;"

b. For Discovery Material that is not paginated or is otherwise in a form not susceptible to marking as set forth in (a) above, by informing the receiving party of the appropriate designation in writing; and

c. For deposition testimony, as set forth in subsection IV.B.6. Discovery Material so designated shall be treated in accordance with the terms of this Order.

3. Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation shall be used solely for purposes of this litigation.

4. Nothing in this Order shall limit any Producing Party's use or disclosure of its own Protected Information.

5. The following Discovery Material is not Protected Information:

a. Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

b. Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and

c. Any Discovery Material that the receiving party can show by written records was received by it from a source other than the designating party and in a manner other than through a violation of this Protective Order.

**B.     Protected Information Designated CONFIDENTIAL**

1. For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that contains (i) previously non-disclosed or commercially sensitive technical, sales, marketing, personal, or financial information of the Producing Party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or (ii) information that the Producing Party is under a legal obligation to maintain as confidential.

2. Except as provided in subsection VII.F or as otherwise directed by the Court, Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

a. Outside litigation counsel of record and (i) supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers, and litigation support personnel, to whom it is reasonably necessary to disclose the information, and (ii) outside photocopying services, graphic production services, litigation support services, and jury consulting personnel (including, without limitation, mock jurors) used by outside litigation counsel of record to assist in this litigation, as well as computer service personnel performing duties in relation to any computerized litigation system used in this litigation;

b. The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, and supporting personnel employed by the legal department of any party to this litigation;

c. Independent experts or consultants retained by outside litigation

3

counsel of record to assist in this litigation;

        d.    Independent contractors engaged by the parties, to the extent reasonably necessary to assist counsel in connection with this litigation, including but not limited to: (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design service providers retained to prepare demonstrative or other exhibits for deposition, trial, or other court proceedings in the litigation; (iv) non-technical jury or trial consulting service providers, not including mock jurors; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that the receiving party first advises each such person or entity that such Protected Information is being disclosed pursuant to and subject to the terms of this Protective Order and shall not be disclosed or used other than as set forth in this Protective Order;

        e.    Fact witnesses, only in accordance with the provisions of section IV herein;

        f.    The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors;

        g.    Persons who prepared, authored, received, or reviewed the Protected Information prior to the filing of this litigation or who are shown on the face of the Discovery Material containing the Protected Information to have prepared, authored, received, or reviewed the Protected Information; and

        h.    Persons for whom the Producing Party has consented in writing to

receive the Protected Information.

### C. Protected Information Designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

1. For purposes of this Order, Protected Information designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall mean any "Confidential" Discovery Material that is of such a private, sensitive, competitive or proprietary nature that disclosure to persons other than those identified in paragraph C.2 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Outside Attorneys' Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

2. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Outside Attorneys' Eyes Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraphs I.B.2 (a), (c)-(d), (f)-(h) and, for the avoidance of doubt, shall not be shown to the parties or in-house counsel in this action.

## II. USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

In the event that a party intends to use any Protected Information during any hearing or trial, that party shall provide a minimum of two (2) business days' notice to the Producing Party. Subject to challenges under section III, the parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

### III.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

#### A.     Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information. Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated. A receiving party may at any time request that the Producing Party cancel or modify any Protected Information designation.

#### B.     Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of Protected Information, such a challenge (i) shall be in writing, (ii) shall be served on outside litigation counsel of record for the Producing Party (or, if the Producing Party is a non-party, counsel for the non-party or an appropriate contact for an unrepresented non-party), and (iii) shall particularly identify the Protected Information that the receiving party contends should be differently designated and propose the modification or removal of the designation. The Producing Party shall have five (5) business days after receiving the foregoing to object in writing to the contentions and proposal therein. Failure to object in writing within five (5) business days shall be deemed approval of the proposed removal or modification of a designation. Such modification or removal shall become immediately effective upon approval, including approval by failure to timely object. If the Producing Party timely objects, the parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the dispute shall be resolved in accordance with applicable local rules and individual practices. The burden of demonstrating the

appropriateness of a designation shall at all times be and remain on the Producing Party.

### C. Treatment of Protected Information During Challenge to a Designation

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information for which a designation is in dispute shall be treated as having been properly designated and subject to the terms of this Order.

## IV. LIMITATIONS ON THE USE OF PROTECTED INFORMATION

### A. Restrictions on Use of Protected Information

1. All Protected Information shall be held in confidence by each person to whom it is disclosed, and such Protected Information (including the existence of such Protected Information) and the knowledge of the existence of such Protected Information shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal or administrative proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

2. Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests, and analyses also shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine-readable form for incorporation into a data retrieval system

used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

### B. Examinations

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and/or trial and may testify concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

1. A present director, officer, agent, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that party;

2. A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her position with the Producing Party; and

3. Non-parties may be interviewed, examined, or may testify concerning any Protected Information of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented at the examination by an attorney who is not qualified under this Order to receive such Protected Information, then prior to

the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information in violation of the Protective Order.

        4.        Counsel for any party wishing to use Protected Information to examine fact witnesses other than the persons described in subsection 3 immediately above shall notify the Producing Party in writing at least three (3) business days prior to the start of the examination. If such Producing Party objects within one (1) business day of receipt of such written notice, the Protected Information shall not be disclosed or its contents described during the examination without leave of the Court or subsequent agreement by the Producing Party.

        5.        Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation. No fact witness may retain any such material designated as Protected Information. Every fact witness shall be shown a copy of this Order.

        6.        Testimony given at a deposition may be designated as Protected Information: 1) by counsel for the Producing Party by making a statement orally to that effect on the record at any time during the deposition; or 2) within thirty (30) business days of receipt of the final transcript of any deposition, the Producing Party may designate portions of the deposition transcript as constituting CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information by notifying all parties in writing of the specific pages

9

and lines of the transcript that should be treated as Protected Information. Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until the expiration of thirty (30) business days following the receipt of the final transcript of the deposition, unless otherwise agreed to by the parties. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. Objections to confidentiality designations under this subsection shall be governed by the procedure set forth in section III above.

### C. Court Filings Concerning Protected Information

1. Outside litigation attorneys of record for the parties or their supporting personnel are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential materials filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved. Except for the foregoing, or as otherwise provided hereunder, no material or copies thereof so filed shall be released, except by order of the Court.

### D. Unauthorized Disclosure of Protected Information

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request that such person or persons execute the Confidentiality Agreement attached hereto as Attachment A. Compliance with this subsection upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or

exempt a violating party from sanctions.

## V.    NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.    Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.   After the Court has approved and entered the Protective Order, a copy of the Protective Order shall be included with any subpoena served in this litigation on a non-party to this litigation.

### B.    Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

## VI.    NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other privilege, doctrine, right, or immunity.  Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A Producing Party may assert privilege or work-product protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  In addition, Discovery Material that contains privileged matter

or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced. The receiving party may thereafter seek re-production of any such Discovery Material pursuant to applicable law.

## VII. MISCELLANEOUS PROVISIONS

### A. Notice

Any written notice or other writing required to be provided to a party to this litigation under this Protective Order must be sent via email to the party's outside counsel of record in this litigation to be deemed effective.

### B. Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this litigation or of any position as to the discoverability or admissibility of evidence.

### C. Inadvertent or Unintentional Production of Protected Information

Inadvertent or unintentional production of Discovery Material containing Protected Information which is not designated as one or more categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall immediately upon discovery notify the other parties of the error in writing and provide replacement Discovery Material bearing the appropriate designation. Upon receipt of the foregoing written notice, the receiving party shall make reasonable efforts to retrieve the Protected Information distributed to persons not entitled to receive it under the corrected designation.

If a party other than the Producing Party discovers information in the Producing Party's

production that is likely an unintentional production of Protected Information, that party shall notify the Producing Party immediately. The Producing Party should then notify if it intends to assert privilege over the material, notify the other parties of the error in writing, and provide replacement Discovery Material bearing the appropriate designation. Upon receipt of the foregoing written notice, the receiving party shall make reasonable efforts to retrieve the Protected Information distributed to persons not entitled to receive it under the corrected designation.

### D.     Conclusion of Litigation

1. Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to email, correspondence, memoranda, notes, and other work product materials which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order.

2. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

3. Notwithstanding this subsection E, outside litigation counsel of record (i) are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, and (ii) shall be entitled to maintain electronic copies of all pleadings, motions, and trial briefs (including all

supporting and opposing papers and exhibits thereto), written discovery requests and responses, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product (including email correspondence), even if such materials contain, refer, or are related to any Protected Information, for archival purposes only.

        4.    If the Producing Party requests that Protected Information be destroyed, upon the Producing Party's request, the receiving party must provide a certificate of destruction to the Producing Party.

    **E.**    **Subpoenas**

If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

    **F.**    **Modification of Protections**

This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to the Court, any party that

is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

### G. No Agreement Concerning Discoverability

The agreed upon treatment of Protected Information hereunder does not reflect agreement by the parties that the disclosure of such information is required or appropriate in this action. The parties reserve their rights under the Federal Rules of Civil Procedure to argue that any particular category of Discovery Material should not be produced.

### H. No Limitation on Legal Representation

Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information provided, however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

### I. Agreement Upon Execution

Each of the parties to this litigation agree to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

### J. Interpretation, Enforcement and Continuing Jurisdiction

The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to that Discovery Material that becomes public record. This Court retains and shall have continuing

jurisdiction over the parties and recipients of the Protected Information for enforcement of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Southern District of New York.

**IT IS SO STIPULATED**.

Dated: September 11, 2025

**DAVIS WRIGHT TREMAINE LLP**
John M. Magliery
Adam Sgro
Francesca Reifer

*/s/ John M. Magliery*

John M. Magliery
*Counsel for Plaintiff/Counterclaim Defendant Interwork Korea Co., Ltd.*

Dated: September 11, 2025

**EPSTEIN DRANGEL LLP**
Kerry B. Brownlee
Jason M. Drangel
Jodi-Ann McLane

*/s/ Kerry B. Brownlee*

Kerry B. Brownlee
*Counsel for Defendant/Counterclaim-Plaintiff Lashify, Inc.*

**IT IS SO ORDERED**.

Dated: September 11, 2025
New York, NY

SO ORDERED

_____
**ROBYN F. TARNOFSKY**
**UNITED STATES MAGISTRATE JUDGE**

16

## ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER

## CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have been engaged as _____
   on behalf of _____
   in the preparation and conduct of the litigation styled *Interwork Korea Co., Ltd. v. Lashify, Inc.*

6. I have received a copy of the Stipulated Protective Order, dated _____, 2025, and I have carefully read and understand its provisions. I agree to comply with and be bound by all the provisions of said Order. I understand that I am to retain all copies of any documents designated as Protected Information, or any similar designation, in a secure manner and in accordance with the terms of said Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information containing any Protected Information are to be returned to counsel who provided me with such material.

7. I will not divulge Protected Information to persons other than those specifically authorized by said Order, and I will not copy or use, except solely for the purpose of this action, any Protected Information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20____.